UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:15CV-23-GNS

**RICHARD D. HAMONTREE**                                                                             **PLAINTIFFS**

**v.**

**UNITED STATES** *et al.*                                                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Richard D. Hamontree filed this *pro se* action proceeding *in forma pauperis*. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

**I.**

Plaintiff filed the complaint on a general complaint form naming the following Defendants: the United States; the U.S. Court of Federal Claims; the Department of Justice; Judge Eric G. Bruggink; and Emma E. Bond, an attorney in the Civil Division of the Department of Justice. As grounds for filing this lawsuit in federal court, Plaintiff states as follows: "Falsifacation of information submitted by Defendants motion to dismiss, falsification of facts by the U.S. Court of Federal Claims. Amendment 6, 7, 9, and 10 violated along with Amendment 14. The violation of first amendment is a given."

As the statement of the claim, Plaintiff states that he is suing Defendants "for the defamation of cheracter, falsification of information submitted in the Defendants motion to dismiss, the changing of meanings in the Defendants motion to dismiss, allowing the dismissal of

defendants complaint 1:14--CV--00938, and it,s authorization by the Department of Justice." Plaintiff further maintains that the U.S. Court of Federal Claims "failed to acknowledge or accept an amended complaint submitted to them in violation of Federal Court Rule 15. . . . The court utilized false information instead to dismiss civil complaint 1:14--CV--00938, in clear violation of the constitution."

For his prayer for relief, Plaintiff requests as follows: "Find the U.S. court of Federal Claim guilty of innopropriate actions for wrongly passing a dismissal order"; "Find the Department of Justice has misused its power and authority to dismiss a federal complaint"; and "Award the plaintiff for defamation of chericter, false statements from both the Federal Court of Claims, and the Department of Justice. Personal feelings or beliefs have no place in the court systems of America."

To his complaint, Plaintiff attaches filings from his case before the Court of Federal Claims, including his complaint and amended complaint filed in that court, the motion to dismiss filed by the United States, and the dismissal order entered by that court. He also attaches copies of several statutes; letters to an ambassador in which he states his beliefs, among others, that America has an inept government and broken legal system; a typed statement regarding his belief that the Social Security system has been corrupted; his resume and Army personnel records; and a letter to the Secretary General of the United Nations requesting to bring a case against the United States in the United Nations concerning the dismissal of his Court of Federal Claims case.

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is

well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

In his complaint, Plaintiff seeks to challenge the dismissal of his lawsuit by the Court of Federal Claims. Plaintiff requests this Court to review that court's decision and find it unconstitutional. However, this Court has no authority to review decisions of the Court of Federal Claims. *See* 28 U.S.C. § 1295(a)(3) (vesting exclusive appellate jurisdiction over final decisions of the U.S. Court of Federal Claims in the U.S. Court of Appeals for the Federal Circuit); *Ricks v. United States*, 278 F.3d 1360, 1363 (Fed. Cir. 2002). If Plaintiff wishes to challenge the dismissal of his case, he must do so in the U.S. Court of Appeals for the Federal Circuit. Therefore, this action must be dismissed for lack of subject-matter jurisdiction.

Moreover, Plaintiff also seeks damages for defamation of character. To the extent that this is a separate claim from his challenge to the dismissal of his Court of Federal Claims case, this Court lacks also jurisdiction to hear this claim. The United States and agents of the federal government can only be sued in tort under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. ("FTCA"). The FTCA waives sovereign immunity for the United States in certain

circumstances and is the "exclusive remedy for suits against the United States or its agencies sounding in tort." *Himes v. United States*, 645 F.3d 771, 776 (6th Cir. 2011). A plaintiff must allege a specific tort for which "the United States has not reserved immunity." *Rector v. United States*, 243 F. App'x 976, 979 (6th Cir. 2007). However, under 28 U.S.C. § 2680(h), certain torts, including defamation, are exempt from the waiver of sovereign immunity. *Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002). Therefore, Plaintiff cannot sue any of the named Defendants for defamation under the FTCA. Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's defamation claim, and the claim must be dismissed under Rule 12(h).

      A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: June 1, 2015

Greg N. Stivers, Judge
United States District Court

cc:     Plaintiffs, *pro se*
         Defendants
4416.010